**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROI Properties LLC, | No. CV-18-02421-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Gray Phoenix Desert Ridge I LLC, Gray Phoenix Desert Ridge III LLC, Gray Phoenix Desert Ridge IV LLC, LKY Real Estate Fund V LLC, Bruce Gray, Barbara Gray, and Unknown Parties, | |
| Defendants. | |

Pending before the Court is Defendant LKY Real Estate Fund V, LLC's Motion for Immediate Withdrawal of Reference of Adversary Proceeding (No. 2:18-ap-00209-MCW) from the bankruptcy court. (Doc. 2, "Mot."). Plaintiff R.O.I. Properties, LLC opposes the Motion (Doc. 14, "Resp."), and LKY filed a Reply (Doc. 18, "Reply"). LKY requested oral argument, but the Court declines to schedule this matter for argument. For the reasons set forth below, the Motion is **DENIED**.

**I.   BACKGROUND**

On May 15, 2018, R.O.I Properties, LLC ("ROI"), as Liquidating Trustee of the May Liquidating Trust and trustee of the estates of EPICENTER PARTNERS, L.L.C. and GRAY MEYER FANNIN, L.L.C., brought adversary proceeding No. 2:18-ap-00209-MCW (the "Adversary Proceeding") in the United States Bankruptcy Court for the District

of Arizona (the "Bankruptcy Court") against multiple defendants, including LKY Real Estate Fund V, LLC ("LKY"), who is not a creditor to the estates in the underlying bankruptcy cases. (Mot. at 2, 7). The Adversary Proceeding concerns the Complaint to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, 549, 550 and Arizona Law and to disallow claims pursuant to 11 U.S.C. § 502. (Mot. at 2). LKY now moves for an order withdrawing the Adversary Proceeding from the Bankruptcy Court in order to resolve LKY's impending motion to dismiss.

## II. LEGAL STANDARD

Under 28 U.S.C. § 157(a), a "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Accordingly, this District refers such matters to the Bankruptcy Court. *See* General Order 01–15 (June 29, 2001). A bankruptcy court has jurisdiction to "hear and determine all cases under title 11 and all *core* proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments[.]" 28 U.S.C. § 157(b)(1) (emphasis added). The statute distinguishes between *core* and *non-core* proceedings and provides a non-exhaustive list of various proceedings deemed to be core. *See* 28 U.S.C. § 157(b)(2). A bankruptcy court may also hear a proceeding that is "non-core," but in such a proceeding, the bankruptcy judge may only submit proposed findings of fact and conclusions of law to the District Court, which in turn enters any final order of judgment "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

However, after a referral has been made to a bankruptcy court, the district court "may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). In determining whether "cause" exists, the Ninth Circuit has considered the following factors: "[1] the efficient use of judicial resources, [2] delay and costs to the parties, [3] uniformity of bankruptcy administration, [4] the prevention of

forum shopping, and [5] other related factors." *In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (citing *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen, & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997)). "[T]he party seeking withdrawal bears the burden of establishing that withdrawal is appropriate." *In re N'Genuity Enters. Co.*, No. CV-12-0351-PHX-JAT, 2012 WL 3095002, at *2 (D. Ariz. July 30, 2012) (citing *In re Homeland Stores, Inc.*, 204 B.R. 427, 430 (D. Del. 1997)).

### III. DISCUSSION

#### a. *Stern* Claims

As a preliminary matter, LKY contends that "ROI's claims are properly treated as though they are non-core for the purpose of demonstrating the existence of 'good cause[.]'" (Mot at 5). ROI's response does not directly address this issue yet refers generally to the "allegedly non-core claims." (Resp. at 6).

The Ninth Circuit has recognized that fraudulent conveyance claims are defined as "core" under § 157(b), but nonetheless "cannot be adjudicated by non-Article III judges." *In Re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 561 (9th Cir. 2012). This determination followed the Supreme Court's holding in *Stern v. Marshall*, 564 U.S. 462 (2011), which "made clear that some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)." *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 35 (2014). Following the decision in *Stern*, the Supreme Court held in *Arkison* that these so-called *Stern* claims are permitted "to proceed as non-core within the meaning of § 157(c)." *Id.* at 36. Therefore, when *Stern* claims are involved, bankruptcy judges may only submit proposed findings of fact and conclusions of law to the district court. *See* 28 U.S.C. § 157(c)(1) (in a non-core proceeding, "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge"). Furthermore, the Supreme Court has confirmed that (1) "Article III permits bankruptcy courts to decide *Stern* claims submitted to them by consent," (2) bankruptcy litigants may "waive the right to Article III adjudication of *Stern* claims," and (3) such waiver need not be express. *Wellness Int'l*

*Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1944–45, 1947, 1949 (2015).

As such, the Court will treat ROI's claims as *Sterns* claims—claims on which LKY asserts that it has not given consent to the Bankruptcy Court to render a final judgment. (Mot. at 2).

### b. Jury Demand

LKY contends that withdrawal is required because LKY is entitled to a jury trial on ROI's fraudulent transfer claims. (Mot at 6–7). In response, ROI relies heavily on *In re Healthcentral.com*, 504 F.3d 775 (9th Cir. 2007), asserting that "[e]ven in cases where a jury demand has been made . . . withdrawal of the reference generally should be delayed until discovery is complete, all dispositive motions have been ruled upon, and the case is ready for trial." (Resp. at 3). In Reply, LKY acknowledges that "where the Seventh Amendment is the basis for possible withdrawal, it is premature for a district court to withdraw the reference prior to a case being set for trial because the bankruptcy court can address pretrial matters including dispositive motions," and asserts that it "does not seek immediate withdrawal of the reference based on its Seventh Amendment right to a jury trial," but rather "on LKY's constitutional right to have [the District Court] consider its Motion to Dismiss and enter final judgment in this proceeding." (Reply at 7). It appears that LKY abandons any argument that its right to a jury trial requires withdrawal at this point.

Indeed, while the Ninth Circuit has held that "bankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented," *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990), it has also held that such holding "does not mean the bankruptcy court must instantly give up jurisdiction," and that the bankruptcy court may "retain jurisdiction over the action for pre-trial matters." *In re Healthcentral.com*, 504 F.3d at 787; *see also Flores v. Gray Servs. LLC*, No. CV-14-01075-PHX-DGC, 2014 WL 4179888, at *2 (D. Ariz. Aug. 18, 2014) ("The fact that a jury trial has been demanded is not alone sufficient to require withdrawal of the reference.").

///

- 4 -

### c. Waiver of Constitutional Rights

LKY's assertion that it seeks withdrawal based "on LKY's constitutional right to have [the District Court] consider its Motion to Dismiss and enter final judgment in this proceeding" appears to be based on the next argument in its motion—that withdrawal will ensure there is no waiver of constitutional rights. (Mot. at 7). LKY asserts that it risks waiving its rights to a jury trial and to have an Article III Court review de novo findings of fact and conclusions of law if it seeks a ruling on a 12(b)(6) motion to dismiss from the Bankruptcy Court. (Mot. at 6–7). LKY further asserts that because waiver of its rights may occur through "implied consent or from participation in the Adversary Proceeding," this Court must withdraw the reference to Bankruptcy Court. (Mot. at 9). ROI makes no mention of the waiver argument in its Response.

LKY points to multiple authorities to demonstrate that that withdrawal of the referral *now* is necessary to avoid waiving constitutional rights. LKY relies on *In re Carter*, 506 B.R. 83 (Bankr. D. Ariz. 2014), stating that the opinion in Carter is instructive in this matter. (Mot. at 10). LKY notes that *Carter* states that a "*Stern* objection may be waived any time the objector merely acquiesces in the Bankruptcy Court hearing any aspect of a case in a posture that may lead to a substantive ruling." (Mot. at 10) (citing *Carter*, 506 B.R. at 88). In *Carter*, the court noted that in order to avoid situations in which a party first seeks a substantive ruling by a bankruptcy court, and then only if the ruling is unfavorable, asserts its *Stern* objection, the court must conclude that "a *Stern* objection is waived or forfeited whenever the party making it requests a substantive ruling from the Bankruptcy Court." *Carter*, 506 B.R. at 88. Yet the court in *Carter* also stated that in order to avoid such a strategy by parties, it might "be necessary for courts to adopt a rule that the *Stern* objection is waived or forfeited unless the objector promptly moves for withdrawal of the reference and prosecutes that motion to conclusion in the District Court," noting that the *Bellingham* defendant failed to follow such procedure. *Id.* at 88–89. Here, LKY has moved for withdrawal of the reference, which distinguishes this case from the scenario described in *Carter*. *See also ROI Properties LLC v. Gray*, No. CV-18-02522-

PHX-SPL, at *4–5 (D. Ariz. Nov. 6, 2018) (distinguishing *Carter* for similar reasons).

Similarly, the additional authorities cited by LKY are distinguishable from the case at hand. In *In re Pringle*, 495 B.R. 447, 462 (B.A.P. 9th Cir. 2013), the party in question "extensively participated in litigation at the bankruptcy court and on appeal without raising any challenge to the bankruptcy court's constitutional authority," despite being represented by counsel and the recent issuance of the *Stern* opinion. Such is not the case here, as evidenced by the instant motion. And in *True Traditions, LC v. Wu*, 552 B.R. 826, 839 (N.D. Cal. 2015), while the court did find that appellant consented to the bankruptcy court's entry of final judgment, the court also noted that appellant had failed to raise the issue of consent at several key points during the litigation, relying only on a brief discussion during a hearing in which the judge raised the issue of consent sua sponte. LKY also cites to *Mastro v. Rigby*, 764 F.3d 1090 (9th Cir. 2014), arguing that "[t]hose who initially object by filing a motion to withdraw reference have later been deemed to consent by continuing to participate in bankruptcy proceedings." (Mot. at 10). Yet, in *Mastro*, the court specifically noted that after the district court denied the movant's motion to withdraw the referral as premature, the party never renewed her opposition to proceeding before the bankruptcy court and never refiled her motion to withdraw the reference. 764 F.3d at 1093 n.1. "Instead, at the close of pretrial proceedings, [the party] expressly consented to trial by the bankruptcy court." *Id.*

At this point, LKY has asserted that it does not consent to the Bankruptcy Court's final adjudication, and nothing at this point prevents LKY from renewing this objection. LKY has moved for withdrawal of the reference, as suggested by the court in *Carter*. And LKY has not "expressly consented to trial by the bankruptcy court," as did the party in *Mastro*. Accordingly, the Court does not find persuasive LKY's argument that withdrawal of the reference now is necessary to ensure there is no waiver of above discussed constitutional rights.

### d. Efficient Use of Resources and Avoidance of Delay and Cost

LKY asserts that granting the motion now will ensure "the efficient use of judicial

resources" and avoid "delay and costs to the parties" as the District Court will ultimately receive proposed findings of fact and conclusions of law from the Bankruptcy Court. (Mot. at 10–11). In response, ROI contends that withdrawal of the matter "would waste judicial resources" and "increase delay and costs to the parties," and that the parties can file a renewed motion for withdrawal of the reference if and when a jury trial is required. (Resp. at 5–6).

This District recognizes the importance of promoting judicial efficiency "due to the high case load carried by each of the district judges." *In re Baptist Found. of Ariz.*, No. CIV 00-557-PHX-ROS, 2000 WL 35575676, at *13 (D. Ariz. June 30, 2000). The Ninth Circuit has stated that "the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master." *In re Don's Making Money, LLLP*, No. CV 07 319 PHX MHM, 2007 WL 1302748, at *5 (D. Ariz. May 1, 2007) (quoting *In re Castlerock Properties*, 781 F.2d 159, 161 (9th Cir. 1986)).

Judges in this District have found that solely because the Bankruptcy Court cannot issue final judgment in a matter, judicial efficiency is not necessarily best served by withdrawing the referral of the matter. *See, e.g.*, *ROI Properties LLC v. Gray*, No. CV-18-02522-PHX-SPL, at *3 (D. Ariz. Nov. 6, 2018) ("[T]he Court finds that allowing the court most familiar with the parties and the issues in the Adversary Proceeding to provide its recommendation to the Court best conserves judicial resources and promotes efficiency."); *Nat'l Hockey League v. Moyes*, No. CV-10-1036-PHX-GMS, 2010 WL 3719289, at *2 (D. Ariz. Sept. 15, 2010) (stating that even though the Bankruptcy Court cannot issue final judgments, the "Bankruptcy Court likely would still prove more efficient given its factual expertise over allegations common to [the current] action and the underlying Bankruptcy Proceeding."); *In re Baptist Found. of Ariz.*, 2000 WL 35575676, at *13 ("The bankruptcy court is also busy, but its familiarity with the underlying bankruptcy action will facilitate its ability to address pre-trial matters and move the proceedings forward with maximum efficiency."); *see also id.* at *11 ("[T]he Court is not required to withdraw the reference at the pretrial stage merely because bankruptcy court findings and conclusions on potentially

dispositive motions must be reviewed de novo, if the balance of the factors considered as a whole weighs against immediate withdrawal.").

At this time, the Court finds that the interests of efficiency are best served by allowing the Adversary Proceeding to remain in the Bankruptcy Court. While LKY also argues that withdrawal of the reference will have no impact on the uniformity of bankruptcy administration, (Mot. at 11–12), and ROI makes no more than passing statements to the contrary, the Court finds that other factors weigh in favor of the Adversary Proceeding remaining with the Bankruptcy Court.

### e. Limited Jurisdiction of the Bankruptcy Court

For the first time in its Reply, LKY argues that the Bankruptcy Court's jurisdiction is more limited now than it was before confirmation of the Chapter 11 plan. (Reply at 3–6). The Court generally declines to consider "[a]ny arguments raised for the first time in [a party's] reply brief[.]" *Beckhum v. Hirsch*, No. CV07-8129-PCT-DGCBPV, 2010 WL 582095, at *8 (D. Ariz. Feb. 17, 2010) (citing *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003); *see also Dilley v. Gunn*, 64 F.3d 1365, 1367 (9th Cir. 1995) ("Issues not raised in the opening brief usually are deemed waived."). Accordingly, LKY's argument is not properly before the Court, and LKY has waived that argument for the purposes of the instant motion.

**IT IS ORDERED** that LKY's Motion for Immediate Withdrawal of Reference of Adversary Proceeding (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case.

Dated this 25th day of February, 2019.

Honorable Susan M. Brnovich
United States District Judge